IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| J.T., by and through his parents Renee and Floyd T., | ) ) ) | CIVIL NO. 11-00612 LEK-BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS
TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION GRANTING IN
PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION AS MODIFIED**

On October 31, 2012, the magistrate judge filed his

Findings and Recommendation Granting in Part Plaintiffs' Motion

for Attorneys' Fees ("F&R"). [Dkt. no. 43.]  On November 14,

2012, Defendant Department of Education, State of Hawai'i ("DOE"

or "Defendant") filed objections to the F&R ("Objections").

Plaintiffs J.T., Renee T., and Floyd T. ("Plaintiffs") filed

their response to Defendant's Objections ("Response") on

December 3, 2012.  The Court finds this matter suitable for

disposition without a hearing pursuant to Rules LR7.2(d) and

LR74.2 of the Local Rules of Practice of the United States

District Court for the District of Hawai'i ("Local Rules").

After careful consideration of the parties' submissions and the

relevant legal authority, the Court HEREBY GRANTS IN PART AND

DENIES IN PART Defendant's Objections and MODIFIES the magistrate judge's F&R for the reasons set forth below.  The Court also GRANTS Plaintiffs' request for additional fees incurred responding to the Objections.

## BACKGROUND

On May 31, 2012, this Court issued its Order Reversing in Part and Remanding in Part the Hearings Officer's Order Dated September 12, 2011 ("5/31/12 Order").  [Dkt. no. 27.]  In the 5/31/12 Order, the Court partially reversed the Hearings Officer's decision, finding that:

- the DOE denied J.T. a Free Appropriate Public Education ("FAPE") by not allowing Renee T. a reasonable opportunity to attend the March 3, 2010 Individualized Education Program ("IEP") meeting [5/31/12 Order at 50-55;]

- the DOE denied J.T. a FAPE by disregarding Dr. Murphy-Hazzard's Report and Renee T.'s observations of J.T. outside of the classroom [id. at 55-58].

The Court concluded, however, that Plaintiffs were not entitled to reimbursement for tuition and expenses at Loveland Academy because they failed to establish that it was an appropriate placement.  [Id. at 58-65.]  The Court rejected Plaintiffs' request for an award of two years of compensatory education at Loveland, and instead ordered an evaluation of J.T.

to determine whether and to what extent an award of compensatory education is appropriate.  [Id. at 65-68.]  In this regard, the Court stated:

> on the one hand, J.T. was procedurally denied a
> FAPE; on the other hand, there has been no
> determination as to the extent of injury, if any,
> that he suffered as a result of that denial of
> a FAPE.  The record is devoid of sufficient facts
> with which this Court could craft an appropriate
> award of compensatory education.

[Id. at 67.]

With respect to attorneys' fees, the Court found as follows:

> Plaintiffs meet the prevailing-party threshold.
> The Hearings Officer determined that J.T. was
> denied a FAPE due to the DOE's exclusion of Renee
> T. from the May 29, 2009 IEP meeting, and this
> Court further determines that J.T. was denied a
> FAPE due to the DOE's exclusion of Renee T.
> from the March 3, 2010 IEP meeting and its failure
> to consider the Murphy-Hazzard Report and Renee
> T.'s concerns.  Plaintiffs' success is not purely
> technical or de minimis, because this obligation
> materially alters the legal relationship between
> the parties.  Accordingly, the Court awards
> Plaintiffs reasonable attorneys' fees and costs
> associated with the administrative hearing and the
> present appeal.  The Court refers this matter to
> the magistrate judge to prepare findings and
> recommendations regarding the amount of the award.

[Id. at 70.]

## I.  **Motion For Attorneys' Fees**

On June 14, 2012, Plaintiffs filed a Motion for Attorneys' Fees and Related Nontaxable Expenses ("Motion"). [Dkt. no. 28.]  The parties reached a partial agreement on the

3

Motion, resulting in an award of $17,833.50 in attorneys' fees and $840.31 in general excise tax ("GET") (4.712%) for the fees sought by Jerel Fonseca, Esq. and Denise Wong, Esq. [Dkt. no. 40.] The magistrate judge found and recommended that Plaintiffs be awarded attorneys' fees for John Dellera, Esq., in the amount of $40,210.46, which he calculated as follows:

> [142.4 hours * .85 (fifteen percent reduction) + 18.6 (fees billed for reply brief and statement of consultation)] * $275 per hour = $38,401. After adding general excise tax (4.712%), the Court FINDS and RECOMMENDS that Plaintiffs are entitled to $40,210.46 in attorneys' fees.

[F&R at 3.] The magistrate judge imposed a 15% reduction on the fees charged by Mr. Dellera due to inadequate billing entries that did not "describe the activities associated with his preparation of pleadings." [Id. at 2.] The magistrate judge declined to impose any further reductions requested by Defendant, and found that:

> Once the percentage reduction is imposed, the requested fees do not appear unreasonable. A downward adjustment of the fee award in light of the Court's denial of reimbursement tuition is also inappropriate, because the Court remanded the matter to the Hearings Officer to determine the appropriate award of compensatory education to Plaintiffs. (Doc. # 27 at 67-68.) Therefore, the Court concludes that the requested fees are reasonable after a fifteen percent reduction.

[Id. at 3.]

## II. Objections and Response

Defendant objects to the fee request from Mr. Dellera,

4

and does not dispute that he is entitled to reasonable fees.
Defendant disputes the reasonableness of the fees requested, and
contends that the magistrate judge "erred when he determined that
no fee reduction whatsoever was required based on the limited,
partial success of the appeal because the compensatory education
award had not yet been determined." [Objections at 10.]
Defendant argues that the Court should reduce the award by 25%,
and should not award attorneys' fees for (1) the portion of time
spent on the claim that Loveland Academy was an appropriate
placement, and (2) the time spent asserting that their claim for
tuition reimbursement was not time barred. [Id. at 11.]
Alternatively, Defendant argues that the Court should hold the
fee award in abeyance pending the outcome of the remand on the
issue of compensatory education. [Id. at 17.]

In the Response, Plaintiffs argue that no reduction is
warranted for partial success. They argue that their successful
and unsuccessful claims are related, and that none of their
claims unreasonably protracted the controversy. Plaintiffs also
argue that their fee award should not be held in abeyance and
that Defendant waived this issue by not presenting it to the
magistrate judge.

## STANDARD

Any party may file objections to a magistrate judge's
findings and recommendation regarding a case dispositive matter.

28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b); Local Rule LR74.2.

> A judge of the court shall make a de novo
> determination of those portions of the report or
> specified proposed findings or recommendations to
> which objection is made.  A judge of the court may
> accept, reject, or modify, in whole or in part,
> the findings or recommendations made by the
> magistrate judge.  The judge may also receive
> further evidence or recommit the matter to the
> magistrate judge with instructions.

28 U.S.C. § 636(b)(1).  "[I]n providing for a 'de novo

determination' rather than *de novo* hearing, Congress intended to

permit whatever reliance a district judge, in the exercise of

sound judicial discretion, chose to place on a magistrate's

proposed findings and recommendations." United States v.

Raddatz, 447 U.S. 667, 676 (1980) (citation omitted); accord

Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004) (citing

Raddatz).  Pursuant to Local Rule 74.2, this Court "may consider

the record developed before the magistrate judge," but the Court

must make its "own determination on the basis of that record."

## DISCUSSION

The Court first notes that reasonable attorneys' fees

are generally based on the traditional "lodestar" calculation set

forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The

Court must determine a reasonable fee by multiplying "the number

of hours reasonably expended on the litigation" by "a reasonable

hourly rate." Id. at 433.  Second, the Court must decide whether

to adjust the lodestar amount based on an evaluation of the

factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526

F.2d 67, 70 (9th Cir. 1975), some of which have not been subsumed

in the lodestar calculation:

> (1) the time and labor required, (2) the novelty
> and difficulty of the questions involved, (3) the
> skill requisite to perform the legal service
> properly, (4) the preclusion of other employment
> by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or
> contingent, (7) time limitations imposed by the
> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the
> experience, reputation, and ability of the
> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

<u>Kerr</u>, 526 F.2d at 70.  Factors one through five have been

subsumed in the lodestar calculation.  <u>See</u> <u>Morales v. City of San

Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth

Circuit, extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or

contingent, may not be considered in the lodestar calculation.

<u>See</u> <u>Davis v. City & Cnty. of San Francisco</u>, 976 F.2d 1536, 1549

(9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345

(9th Cir. 1993).  Once calculated, the "lodestar" is

presumptively reasonable.  <u>See</u> <u>Pennsylvania v. Del. Valley

Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987).  A

party seeking attorney's fees bears the burden of proving that

the fees and costs taxed are associated with the relief requested

and are reasonably necessary to achieve the results obtained.

See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Hawai'i 1993) (citations omitted).

**I.   Defendant's Objections - Reduction for Partial Success**

Defendant seeks an overall reduction of 25% based on Plaintiffs' partial success on appeal.  The "degree of success" standard set forth in Hensley applies to attorney's fees awards under the IDEA.  Aquirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1115 (9th Cir. 2006).  Under Hensley, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees. . . ."  461 U.S. at 440. The Supreme Court explained:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.  Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.  But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Id.

As to the first inquiry, the Court finds that this case does consist of related claims.  Because the unsuccessful and successful claims are related, the Court must apply the second inquiry, which is, "[D]id the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory

basis for making a fee award?"  Id.; see also id. at 436 ("If
. . . a plaintiff has achieved only partial or limited success,
the product of hours reasonably expended on the litigation as a
whole times a reasonable hourly rate may be an excessive
amount."); Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir.
2005) ("The bulk of discretion retained by the district court
lies in the second, significance of relief, inquiry.").

        In the 5/31/12 Order, this Court ruled that Plaintiffs
were the prevailing party.  Plaintiffs, however, did not succeed
on all of their claims or achieve all of the relief sought,
notably, their claim for tuition reimbursement.  That is,
Plaintiffs' degree of success was limited.  In their Opening
Brief on appeal, Plaintiffs requested that the Court order
Defendant:

> (1) to pay J.T.'s tuition at Loveland and related
> costs of transportation from November 10, 2010
> until placement is changed in accordance with law;
>
> (2) to reimburse Plaintiff for the cost of
> evaluations conducted by Dr. Murphy-Hazzard and
> Dr. Tyson pursuant to 34 C.F.R. § 300.502;
>
> (3) to award compensatory education at Loveland
> Academy for two years; and
>
> (4) to pay Plaintiff's reasonable attorney's fees,
> disbursements, and costs.

[Plaintiffs' Opening Brief at 36-37 (dkt. no. 22).]  The Court
concluded, however, that Plaintiffs were not entitled to
reimbursement for tuition and expenses at Loveland because they

9

failed to establish that it was an appropriate placement. [Id. at 58-65.] The Court rejected Plaintiffs' request for an award of two years of compensatory education at Loveland, and instead, ordered an evaluation of J.T. to determine whether and to what extent and award of compensatory education is appropriate. [Id. at 65-68.]

Plaintiffs' request for tuition reimbursement was a significant issue in this appeal, and Plaintiffs were not successful on that matter, among others. Under the circumstances, the Court finds that a lodestar reduction is proper. "A reduced award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Hensley, 461 U.S. at 440.

There is no case law addressing the appropriate reduction under these specific circumstances. The Court looks to similar decisions within this district, and is guided by its previous experience in attorneys' fees disputes. For example, in Natalie M. ex rel. David M. v. Department of Education, Civ. No. 06-00539 JMS-BMK, 2007 WL 2110510 (D. Hawai'i July 19, 2007), the plaintiffs prevailed on the denial-of-FAPE issue, but were unable to obtain the reimbursement sought. The district court held that the plaintiffs' base fee award should be reduced by 30% to reflect plaintiffs' level of success. Id. at *7. The court reasoned that the plaintiffs had to spend more time obtaining a

favorable ruling on the FAPE issue than they did on the reimbursement issue.  <u>Id.</u>

Given Plaintiffs' degree of success here, the Court finds that an additional 5% reduction is appropriate, for a total reduction of 20%, and denies Defendant's request for a greater reduction of 25%.  This reduction is consistent with the Court's ruling in another case involving Mr. Dellera, Loveland, and a request for compensatory education.  In <u>I.T. v. Department of Education</u>, CV. No. 11-00676 LEK-KSC ("<u>I.T.</u>"), this Court recently approved an award of attorneys' fees to Mr. Dellera and found that the plaintiff achieved only partial success on appeal.  In <u>I.T.</u>, the Court found that the plaintiff was entitled to compensatory education for Defendant's failure to provide necessary services, and remanded to the Hearings Officer to determine an appropriate award.  This Court affirmed the magistrate judge's lodestar reduction of 20% based on limited success in <u>I.T.</u>

The Court is mindful that there is no precise rule for making a reduction based on degree of success, and "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  <u>See</u> <u>Aguirre</u>, 461 F.3d at 1121.  Here, the Court exercises its discretion, and elects to reduce the award by an additional 5% to account for Plaintiff's limited success, for

11

a total reduction of 20%.  The Court declines Defendant's request to hold the fee award in abeyance.

The Court therefore GRANTS IN PART AND DENIES IN PART Plaintiff's Objections to the F&R.  Based on the Court's reduction of 20%, Plaintiffs are awarded fees for Mr. Dellera in the amount of $36,443.00,[1] plus 4.712% GET ($1,717.20), for an award of **$38,160.20**.

## II.  **Plaintiffs' Request for Additional Fees**

Plaintiffs request that additional fees in the amount of $3,313.75 be awarded to compensate for the 12.05 hours spent preparing Plaintiffs' response to Defendant's Objections.[2] The Court awards Plaintiffs the additional requested fees, plus 4.712% GET ($156.14), for an additional award of **$3,469.89**, and a total amount of **$41,630.09**.[3]

**CONCLUSION**

On the basis of the foregoing, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendant's Objections to Magistrate Judge's Findings and Recommendation Granting in Part Plaintiff's Motion for Attorney's Fees, filed on November 14, 2012.  The Court HEREBY ADOPTS the Findings and Recommendation as MODIFIED

---

[1] [142.4 hours x .80 (20% reduction) + 18.6 (fees billed for reply brief and statement of consultation)] x $275.00 per hour = $36,443.00

[2] 12.05 hours x $275.00 per hour = $3,313.75

[3] $38,160.20 + $3,469.89 = $41,630.09

12

by this order.

         IT IS SO ORDERED.

         DATED AT HONOLULU, HAWAII, January 30, 2013.



          /S/ Leslie E. Kobayashi
         Leslie E. Kobayashi
         United States District Judge

**J.T. V. DOE**; CIVIL NO. 11-00612 LEK-BMK; ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION GRANTING IN PART PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND ORDER ADOPTING THE FINDINGS AND
RECOMMENDATION AS MODIFIED