IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J.T., BY AND THROUGH HIS PARENTS RENEE AND FLOYD T., ET AL.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION,<br><br>　　　　Defendant. | CIV. NO. 11-00612 LEK-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' BILL OF COSTS |

### FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' BILL OF COSTS

Before the Court is Plaintiffs' Bill of Costs (Doc. 94). Defendant State of Hawaii Department of Education filed an Objection to the Bill of Costs. After careful consideration of the Bill of Costs and the supporting and opposing memoranda, the Court finds and recommends that it be GRANTED and that Plaintiff be awarded $458.80 in costs.[1]

### DISCUSSION

Federal Rules of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered." Local Rule 54.2(a).

Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir.1999). Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Id. According to the Ninth Circuit:

> A district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption.

Quan v. Computer Sciences Corp., 623 F. 3d 870, 888 (9th Cir. 2010) (brackets omitted).

While courts have discretion to award costs pursuant to FRCP 54(d), courts may only tax costs that are specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177

(9th Cir. 1990)). Section 1920 enumerates the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see Yasui, 78 F. Supp. 2d at 1126.

I. Fees of the Clerk and for Service of Process

Plaintiffs seek to recover $350.00 as fees of the clerk that were paid upon filing the Complaint and $36.18 as fees for service of the Complaint and Summons. Defendant does not object to these costs, and they are recoverable under 28 U.S.C. § 1920(1) and Local Rule 54.2(f)(1). Therefore, the Court finds and recommends that these costs be awarded to Plaintiffs.

II. Fees for Transcript of Status Conference

Plaintiffs also seek to recoup $72.62, the cost of obtaining a transcript of the September 24, 2012 Status Conference before Judge Leslie E. Kobayashi. At that Status Conference, Judge Kobayashi and counsel discussed the evaluation process that she had ordered to occur. Specifically, in her Order Remanding the

Case (Doc. 27), she ordered both parties to collaborate in completing a four-step evaluation process to determine an adequate compensatory education award for Plaintiff J.T. She also ordered that "the parties will equally split the cost of the evaluation and will bear their own attorneys' fees and costs in this process." (Doc. 27 at 68). Defendant contends that Plaintiffs used the transcript as part of the evaluation process and argues that the Order Remanding the Case requires that Plaintiffs cover the cost of the transcript.

The plain language of Judge Kobayashi's order states that the parties were to "split the cost of the evaluation and . . . bear their own attorneys' fees and costs in this process." However, Plaintiffs state that the transcript was used as part of their subsequent appeal of the hearing officer's decision, not as part of the evaluation process. Indeed, Plaintiffs cited to the transcript in their opening brief on appeal. (Doc. 60 at 10.) The Court therefore finds that, because the transcript was not obtained for use during the evaluation process, it was not a "cost of the evaluation." Instead, the transcript was "necessarily obtained for use in the case" and the cost of the transcript is authorized under 28 U.S.C. § 1920(2). The Court therefore recommends that Plaintiffs be awarded $72.62 in transcript costs.

## CONCLUSION

In light of the foregoing, the Court finds and recommends that

Plaintiff's Bill of Costs (Doc. 94) be GRANTED. The Court recommends that Plaintiffs be awarded $458.80 in costs.

Any Objection to this Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 18, 2014.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

J.T. v. State of Hawaii Department of Education, CIV. NO. 11-00612 LEK-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' BILL OF COSTS.

5