IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J.T., by and through his parents Renee and Floyd T., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. | CIVIL NO. 11-00612 LEK-BMK |

**ORDER GRANTING DEFENDANT'S OBJECTION TO
THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION
TO GRANT PLAINTIFFS' BILL OF COSTS AND ADOPTING IN PART
AND REJECTING IN PART THE FINDINGS AND RECOMMENDATION**

On July 18, 2014, the magistrate judge filed his Findings and Recommendation to Grant Plaintiffs' Bill of Costs ("F&R"). [Dkt. no. 106.] Defendant Department of Education, State of Hawai`i ("the DOE") filed its objection to the F&R ("Objection") on July 29, 2014. [Dkt. no. 108.] Plaintiffs J.T. ("Student"), by and through his parents Renee and Floyd T. ("Plaintiffs"), filed their response to the DOE's Objection ("Response") on August 11, 2014. [Dkt. no. 110.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Objection, the Response, and the relevant legal authority, the Objection is

HEREBY GRANTED and the F&R is HEREBY ADOPTED IN PART AND REJECTED IN PART, for the reasons set forth below.

**BACKGROUND**

Plaintiffs filed their Complaint on October 12, 2011 pursuant to the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1400, *et seq*. The Complaint is an appeal from the Administrative Hearings Officer's ("Hearings Officer") September 12, 2011 Findings of Fact, Conclusions of Law and Decision ("Decision"). On May 31, 2012, this Court issued its Order Reversing in Part and Remanding Hearings Officer's Order Dated September 12, 2011 ("5/31/12 Order"). [Dkt. no. 27.[1]] The remand was for the determination of an appropriate award of compensatory education. 5/31/12 Order, 2012 WL 1995274, at *30. In light of the remand, the case was administratively closed.

After the Hearings Officer issued his June 7, 2013 Findings of Fact, Conclusions of Law and Decision After Remand ("Decision on Remand"), this Court filed an entering order granting Plaintiffs' motion to reopen the case and for leave to file an amended complaint. [Motion, filed 7/8/13 (dkt. no. 51); EO, filed 7/10/13 (dkt. no. 52).] Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief on

---

[1] The 5/31/12 Order is also available at 2012 WL 1995274.

July 24, 2013, and their Second Amended Complaint on November 12, 2013. [Dkt. no. 53, 76.] The Second Amended Complaint addresses the Decision, the Decision on Remand, and the Hearings Officer's September 26, 2013 Supplemental Findings of Fact, Conclusions of Law, and Supplemental Decision After Remand ("Supplemental Decision on Remand").

On March 24, 2014, this Court issued its Order Affirming in Part and Reversing and Remanding in Part the Hearings Officer's June 7, 2013 Decision After Remand and September 26, 2013 Supplemental Decision After Remand ("3/24/14 Order"). [Dkt. no. 87.[2]] The 3/24/14 Order reversed: the portion of the Decision on Remand stating that it is a final and appealable decision; and the Hearings Officer's findings of fact and conclusions of law regarding the rule-out of a central auditory processing disorder ("CAPD"). 2014 WL 1213911, at *17. In particular, this Court reversed the conclusion that Plaintiffs waived their request for a CAPD evaluation as compensatory education because they specifically limited their request to reimbursement of tuition. See id. at *8. This Court remanded the case to address the issue of whether a CAPD rule-out was an appropriate part of Student's compensatory education award. Id. at *17. In light of the second remand, the case was stayed and

---

[2] The 3/24/14 Order is also available at 2014 WL 1213911.

administratively closed on April 16, 2014. [Dkt. no. 90.]

On May 13, 2014, this Court approved the parties' Stipulation and Order to Lift Stay and Enter Judgment ("Stipulation"). [Dkt. no. 92.] The Stipulation states that, after an independent assessment, Plaintiffs agree that the audiological assessment by Kristine Takagawa dated May 1, 2012 is sufficient to rule-out CAPD for Student. Thus, the parties agreed that the remand was unnecessary and that final judgment should be entered. The Clerk of Court entered final judgment on May 15, 2014. [Dkt. no. 93.]

Plaintiffs filed their Bill of Costs on May 27, 2014, seeking an award of $458.80 in taxable costs, consisting of $350.00 for filing fees, $36.18 for service of summons and subpoena, and $72.62 for the preparation of the transcript of a September 24, 2012 status conference before this Court ("9/24/12 Transcript"). [Dkt. no. 94.] The DOE filed its objections to the Bill of Costs on June 3, 2014. [Dkt. no. 95.] The F&R recommends that this Court award the full amount of requested costs. [F&R at 1, 5.]

In the Objection, the DOE argues that the magistrate judge erred in finding that Plaintiffs are entitled to the cost of the 9/24/12 Transcript.[3] [Objection at 3-4.] The DOE does

---

[3] The 9/24/12 Transcript is only available in the record as
(continued...)

4

not challenge the magistrate judge's recommendations as to the other items in the Bill of Costs.

**STANDARD**

This Court reviews the magistrate judge's F&R under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

See PJY Enters., LLC v. Kaneshiro, Civil No. 12-00577 LEK-KSC,

---

³(...continued)
Appendix 2 to Plaintiffs' Opening Brief Re Decision on Remand, filed September 30, 2013 ("Opening Brief Re Remand"). [Dkt. no. 60-2.] The status conference addressed a dispute between the parties regarding what previous materials the neutral evaluators would consider in their assessments of Student.

2014 WL 3778554, at *2 (D. Hawai`i July 31, 2014) (alteration in PJY) (citation omitted).

**DISCUSSION**

In the Objection, the DOE argues that Plaintiffs are not entitled to an award of the cost of the 9/24/12 Transcript because the status conference related to the evaluation of Student that this Court ordered in the 5/31/12 Order. The DOE emphasizes that the 5/31/12 Order expressly ordered that the parties bear equal shares of the cost of the evaluations and bear their own attorneys' fees and costs in the evaluation/remand process. See 2012 WL 1995274, at *30.

The magistrate judge acknowledged this requirement from the 5/31/12 Order, but he found that Plaintiffs are entitled to recover the cost of the 9/24/12 Transcript because:

> Plaintiffs state that the transcript was used as part of their subsequent appeal of the hearing officer's decision, not as part of the evaluation process. Indeed, Plaintiffs cited to the transcript in their opening brief on appeal. (Doc. 60 at 10.) The Court therefore finds that, because the transcript was not obtained for use during the evaluation process, it was not a "cost of the evaluation." Instead, the transcript was "necessarily obtained for use in the case" and the cost of the transcript is authorized under 28 U.S.C. § 1920(2). . . .

[F&R at 4.] In their Response, Plaintiffs emphasize that nothing in the 5/31/12 Order disallowed the prevailing party in the appeal after the proceedings on remand from recovering costs

6

incurred in the appeal. [Response at 7.]

As the magistrate judge noted, a district court has wide discretion to award taxable costs pursuant to Fed. R. Civ. P. 54(d), but it may only tax the costs specified in 28 U.S.C. § 1920. [F&R at 2 (citing Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Hawai`i 1999)).] Section 1920(2) allows for the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Plaintiffs are correct that the 5/31/12 Order only required the parties to bear their own costs in the evaluation process and the remand proceedings before the Hearings Officer; the order did not preclude the prevailing party in the appeal from the remand proceedings from recovering costs. Further, Plaintiffs did **use** the 9/24/12 Transcript in their appeal from the Decision on Remand and the Supplemental Decision on Remand. [Opening Brief Re Remand at 10 & n.8, Appx. 2.] Pursuant to § 1920(2), however, the issue is whether Plaintiffs necessarily **obtained** the transcript for use in the appeal instead of in the evaluation process and remand proceeding.

Plaintiffs' counsel ordered the 9/24/12 Transcript on November 12, 2012, and they were delivered on November 14, 2012. [Bill of Costs, Exh. at 2.] At that time, Plaintiffs' counsel could not have known whether the transcript would be necessary in an appeal after the remand proceedings. November 12, 2012 was

7

before the parties submitted Student's evaluations and their briefing to the Hearings Officer.  See 3/24/14 Order, 2014 WL 1213911, at *2 (noting that the parties submitted the evaluations to the Hearings Officer on January 29, 2013 and submitted their briefs in March and April 2013).  On November 12, 2012, Plaintiffs and their counsel could not have known whether an appeal after the remand proceedings would even be necessary in the first instance.  This Court therefore finds that the 9/24/12 Transcript was not necessarily obtained for use in Plaintiffs' appeal from the decisions on remand.  Thus, Plaintiffs are not entitled to an award of costs for the 9/24/12 Transcript.

This Court GRANTS the DOE's Objection and REJECTS the F&R to the extent that it recommends that this Court award Plaintiffs the cost of the 9/24/12 Transcript.  This Court ADOPTS the F&R in all other respects.

## CONCLUSION

On the basis of the foregoing, the DOE's objection to the magistrate judge's July 18, 2014 Findings and Recommendation to Grant Plaintiffs' Bill of Costs is HEREBY GRANTED.  The magistrate judge's F&R is HEREBY ADOPTED IN PART AND REJECTED IN PART.  The F&R is REJECTED insofar as this Court FINDS that Plaintiffs are not entitled to the $72.62 incurred to obtain the 9/24/12 Transcript.  This Court ADOPTS the F&R in all other respects.

The DOE's June 3, 2014 Objection to Plaintiffs' Bill of Costs is GRANTED, and Plaintiffs' Bill of Costs, filed May 9, 2014, is GRANTED IN PART AND DENIED IN PART. The Court DIRECTS the Clerk's Office to TAX $386.18 in costs in favor of Plaintiffs. This Court ORDERS the DOE to pay the award of taxable costs to Plaintiffs, through Plaintiffs' counsel, by no later than **September 30, 2014.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 29, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**J.T., ET AL. VS. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL 11-00612 LEK-BMK; ORDER GRANTING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' BILL OF COSTS AND ADOPTING IN PART AND REJECTING IN PART THE FINDINGS AND RECOMMENDATION**