IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J.T., by and through his parents, Renee and Floyd T., <br><br>            Plaintiff, <br><br>     vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br>            Defendant. | CIVIL NO. 11-00612 LEK-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND RELATED NONTAXABLE EXPENSES |

FINDINGS AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART PLAINTIFF'S SECOND MOTION
FOR ATTORNEY'S FEES AND RELATED NONTAXABLE EXPENSES[1]

Before the Court is Plaintiff's Second Motion for Attorney's Fees and Related Nontaxable Expenses, filed on June 13, 2018 ("Motion").  ECF No. 140.  Defendant filed its Opposition on July 11, 2018.  ECF No. 143.  Plaintiff filed his Reply on July 19, 2018.  ECF No. 144.  The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 54.3(f).  After careful consideration of the submissions of the parties and the relevant legal authority, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff's Motion.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

BACKGROUND

The full factual and procedural background of this Individuals with Disabilities Education Act ("IDEA") case is detailed in the court's May 13, 2018 Order Affirming in Part and Vacating in Part Hearings Officer's Order Dated September 12, 2011 ("May Order").  See ECF No. 138.  In the May Order, the district court concluded that J.T. was denied a free appropriate public education, that his placement at Loveland Academy was appropriate, and that a partial reimbursement award of twenty-five percent of J.T.'s expenses for the relevant time periods was warranted.  Id.  The present Motion followed.

ANALYSIS

**A.   Entitlement to Attorney's Fees**

The IDEA provides that the court has discretion to award reasonable attorneys' fees to a prevailing party "who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  Here, Defendant does not dispute that Plaintiff is the prevailing party.  ECF No. 143 at 8.  Accordingly, the Court finds that Plaintiff is entitled to an award of reasonable fees under the IDEA.

**B.   Calculation of Attorney's Fees**

In calculating an award of reasonable attorneys' fees in IDEA cases, courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See, e.g., Aguirre v. L.A. Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir.

2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny"). A reasonable fee is determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Once calculated, the lodestar amount is presumptively reasonable. See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987). However, a court may decide to adjust the lodestar figure based on an evaluation of several factors: the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v. SJB-P.D., Inc ., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

In the present Motion, Plaintiff requests the following fees:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| John P. Dellera, Esq. | 396.4 | $420 | $166,488.00 |

3

| 4.712% General Excise Tax | $7,844.91 |
|---|---|
| TOTAL | **$174,332.91** |

See ECF No. 140-1 at 22; ECF No. 144 at 9-10.

   **1.   Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

Defendant objects to Mr. Dellera's requested rate of $420 per hour. See ECF No. 143. Defendant argues that the Court previously determined that an hourly rate of $275 was reasonable for Mr. Dellera in ruling on Plaintiff's first motion for attorney's fees. Id. at 8-9. Defendant argues that the requested increase of $145 for Mr. Dellera's hourly rate is excessive and unreasonable. Id. In Reply, Plaintiff notes that the Court previously awarded $275 per hour because that was the rate requested, not because it made a determination that the rate was reasonable. ECF No. 144 at 2-3.

Mr. Dellera has been practicing law for 48 years, worked as a Deputy Attorney General for the State of Hawaii for

13 years, began representing clients with disabilities in 2009, and has been a solo practitioner representing students with disabilities since 2011.  See ECF No. 140-2, Decl. of John P. Dellera, ¶ 2.  To support the requested rate, Plaintiff listed nine relatively recent decisions in which attorneys with similar experience as Plaintiff's counsel were awarded rates between $450 and $592 per hour.  See ECF No. 140-1 at 14-15.  In light of Plaintiff's counsel's experience, his role in this litigation, other awards in this jurisdiction, and the Court's familiarity with the prevailing rates in the community, the Court finds that $400 per hour is a reasonable rate for Mr. Dellera.

### 2. Hours Reasonably Expended

The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  Here, Defendant argues that the award of attorney's fees must be reduced to account for Plaintiff's limited success and that Plaintiff should not be allowed to recover for the fees expended on his premature motion for attorney's fees filed with the Ninth Circuit.  ECF No. 143 at 14-20.

#### a. Plaintiff's Limited Success

Defendant argues that Plaintiff's requested fees must be reduced to account for Plaintiff's limited success.  Id. at 14-17.  Specifically, Defendant argues that the fees requested should be reduced because the district court only awarded

Plaintiff twenty-five percent of the tuition reimbursement that Plaintiff was seeking. Id.

The Court must consider Plaintiff's limited success in determining whether the hours requested are reasonable. See Morales v. City of San Rafael, 96 F.3d 359, 364 (9th Cir. 1996) ("The district court was not only free but obligated to consider the results obtained by plaintiff, or the extent of his success, in calculating the lodestar figure.") (quotation omitted). quoting Hensley, 461 U.S. at 436, 440 and McGinnis, 51 F.3d at 810 (stating that the number of hours used to calculate the lodestar figure must be "reasonable in relation to the success achieved")). Where a plaintiff achieves only partial success, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley, 461 U.S. at 436–37. Because Plaintiff's claims are all related, the Court must evaluate the significance of the relief obtained and determine what compensation is appropriate. Schwarz v. Sec'y of Health and Human Servs., 73 F.3d 895, 901-02 (9th Cir. 1995) (citing Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986)).

The Court has carefully considered the district court's partial reimbursement award, the other relief obtained by Plaintiff, and the hours expended by Plaintiff's counsel related to the reimbursement request, and finds that the attorney's fees requested should be reduced by twenty percent to account for

6

Plaintiff's limited success on his request for reimbursement.

### b. Premature Fee's Motion

Defendant argues that Plaintiff should not be allowed to recover for the work done by counsel related to Plaintiff's premature attorney's fees motion filed in the Ninth Circuit. Id. at 17-20. As an initial matter, the Court rejects Defendant's characterization of these fees as time spent on an unsuccessful "claim." See id. Rather, as noted by Plaintiff in his Reply, these fees were incurred related to an unsuccessful motion, not a claim. ECF No. 144 at 8-10. Further, Plaintiff's motion was denied without prejudice as premature, not on the merits. As noted by Plaintiff, he was able to reuse most of his prior motion to prepare the present Motion. Id. However, as Plaintiff concedes a portion of Plaintiff's reply memorandum filed before the Ninth Circuit is devoted to the issue of whether the motion is premature and Plaintiff is the prevailing party. See ECF No. 143-3 at 2-5; ECF No. 144 at 10. The Court finds that these hours are not compensable. Based on the Court's review of the timesheets submitted by Plaintiff's counsel, the Court deducts 6.7 hours related to Plaintiff's counsel's work on the premature fees motion filed with the Ninth Circuit.

The Court has reviewed the remaining time entries and finds that the hours requested were reasonably expended in this litigation.

### 3. Total Lodestar Award

The Court finds that Plaintiff has established the

7

appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | TOTALS |
|---|---|---|---|
| John P. Dellera, Esq. | 389.7[2] | $400 | $155,880.00 |
| *20% reduction to account for Plaintiff's limited success regarding reimbursement* | | | ($31,176.00) |
| | | **SUBTOTAL** | $124,704.00 |
| 4.712% General Excise Tax | | | $5,876.05 |
| | | **TOTAL** | **$130,580.05** |

The Court RECOMMENDS that the district court GRANT IN PART Plaintiff's Motion and AWARD Plaintiff $130,580.05 in attorney's fees.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff's Second Motion for Attorney's Fees and Related Nontaxable Expenses and AWARD Plaintiff $130,580.05 in attorney's fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 30, 2018.

Richard L. Puglisi
United States Magistrate Judge

**J.T., V. DEP'T OF EDUC., STATE OF HAW.; CIVIL NO. 11-00612 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND RELATED NONTAXABLE EXPENSES**

---

[2] 396.4 hours requested – 6.7 hours for work on Plaintiff's premature motion = 389.7 hours.