IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| J.T., by and through his parents Renee and Floyd T., | ) ) ) | CIVIL 11-00612 LEK-RLP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAI`I, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER: GRANTING IN PART AND DENYING IN PART
DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION; DENYING PLAINTIFFS' OBJECTIONS;
AND ADOPTING THE FINDINGS AND RECOMMENDATION, AS MODIFIED**

On July 30, 2018, the magistrate judge filed his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Second Motion for Attorney's Fees and Related Nontaxable Expenses ("F&R"). [Dkt. no. 145.] Defendant Department of Education, State of Hawai`i ("Defendant" or "the DOE") filed its objections to the F&R ("DOE Objections") on August 13, 2018, and Plaintiffs J.T. ("Student"), by and through his parents Renee and Floyd T. (collectively "Plaintiffs"), filed their cross-objections to the F&R ("Plaintiffs' Objections") on August 17, 2018. [Dkt. nos. 146, 147.] Plaintiffs filed their response to the DOE Objections ("Plaintiffs' Response") on August 22, 2018, and the DOE filed its response to Plaintiffs' Objections ("DOE Response") on August 27, 2018. [Dkt. nos. 148, 149.] The Court has considered both objections as non-hearing

matters pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  The DOE Objections are hereby granted in part and denied in part, Plaintiffs' Objections are hereby denied, and the F&R is adopted as modified by the instant Order, for the reasons set forth below.  This Court hereby awards Plaintiffs $114,257.55 in attorney's fees.

## BACKGROUND

On May 31, 2012, this Court issued an Order Reversing in Part and Remanding Hearings Officer's Order Dated September 12, 2011 ("5/31/12 Order") and, on August 14, 2017, the Ninth Circuit issued a memorandum disposition reversing the 5/31/12 Order and remanding the case for further proceedings ("Memorandum Disposition").  [Dkt. no. 27, 116.[1]]  On May 31, 2018, this Court issued an Order Affirming in Part and Vacating in Part Hearings Officer's Order Dated September 12, 2011 ("5/31/18 Order").  [Dkt. no. 138.[2]]  The hearings officer's September 12, 2011 decision was affirmed as to the rulings that

---

[1] The 5/31/12 Order is also available at 2012 WL 1995274, and the Ninth Circuit's Memorandum Disposition is also available at 695 F. App'x 227.  The parties participated in administrative proceedings on remand from this Court following the 5/31/12 Order, which led to a March 24, 2014 order by this Court ("3/24/14 Order"), and the 3/24/14 Order was also vacated in the Memorandum Disposition.  However, the specific legal issues addressed in the 3/24/14 Order are not relevant to the issues considered by this Court after the remand from the Ninth Circuit.

[2] The 5/31/18 Order is also available at 2018 WL 2449190.

Student was denied a Free Appropriate Public Education ("FAPE") at two Individualized Education Program ("IEP") team meetings. This Court vacated the decision, insofar as this Court concluded the IEP team's failure to consider a psychologist report and Renee T.'s concerns about Student's out-of-school behavior also denied Student a FAPE. This Court concluded Student's placement at Loveland Academy ("Loveland") was appropriate, and that a partial reimbursement award was warranted under the circumstances of this case. This Court ordered reimbursement of $61,137.47 under 20 U.S.C. § 1412(a)(10)(C)(ii) and reimbursement of $12,187.61 under 20 U.S.C. § 1415(i)(2)(C)(iii), for a total award of $73,325.08. 5/31/18 Order, 2018 WL 2449190, at *13-14.

The final Judgment was issued on May 31, 2018, and Plaintiffs timely filed their Second Motion for Attorney's Fees and Related Nontaxable Expenses ("Fee Motion") on June 13, 2018. [Dkt. nos. 139, 140.] The Fee Motion seeks an award of $162,456.00 in attorney's fees, plus $7,654.93 for general excise tax ("GET"), resulting in a total award of $170,110.93, for work performed from the remand proceedings after the 5/31/12 Order through the proceedings in this district court following the remand from the Ninth Circuit. [Mem. in Supp. of Fee Motion at 17-18.] Plaintiffs' reply in support of the Fee Motion ("Fee Reply") also requested additional attorney's fees incurred in connection with the Fee Reply. [Fee Reply, filed 7/19/18 (dkt.

no. 144), at 9-10.] Thus, the total request represents 396.4 hours of work by John Dellera, Esq., at a rate of $420 per hour, plus GET, for a total award of $174,332.92.[3] [Fee Reply at 9-10.]

The magistrate judge found: Plaintiff is entitled to an award of reasonable attorney's fees under the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1400, *et seq.*; [F&R at 2;] $400 is a reasonable hourly rate for Mr. Dellera; Plaintiffs' fee request should be reduced by twenty percent because of limited success and by 6.7 hours for a fee motion Plaintiffs prematurely filed before the Ninth Circuit, [id. at 6-7]. The magistrate judge therefore recommends that Plaintiffs receive a fee award representing 389.7 hours of work by Mr. Dellera at $400 per hour, reduced by 20%, plus GET, for a total of $130,580.05. [Id. at 8.]

The DOE Objections contest only the magistrate judge's finding as to Mr. Dellera's reasonable hourly rate. Plaintiffs' Objections contest only the magistrate judge's reduction based on limited success.

## STANDARD

This Court reviews a magistrate judge's findings and recommendations under the following standard:

---

[3] Although Plaintiffs characterize the GET as a nontaxable expense, see, e.g., Fee Reply at 10, it is an element of the attorney's fee award.

4

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted).

## DISCUSSION

I. **Reasonable Hourly Rate**

In light of the DOE Objections, this Court reviews the magistrate judge's recommended hourly rate de novo. See Reyna-Tapia, 328 F.3d at 1121. This district court has stated:

> In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829,

5

> 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), *as amended on denial of reh'g*, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); Mendez v. Cty. of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008) ("[T]he court must consider what constitutes a reasonable hourly rate for work performed in the relevant community by attorneys of similar skill, experience and reputation.").[4] It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

United States v. Staton, CIVIL NO. 12-00319 ACK-KSC, 2018 WL 5091634, at *3 (D. Hawai`i Sept. 27, 2018) (alteration in Stanton), *report and recommendation adopted*, 2018 WL 5087221 (Oct. 18, 2018).

The DOE argues $300 is a reasonable hourly rate for Mr. Dellera because it reflects the market rate in the community for an attorney with his experience, skill, and reputation. [DOE Objections at 9.] Plaintiffs respond that the record contains ample support for the $400 hourly rate recommended in the F&R. Further, Plaintiffs emphasize that, in determining a reasonable hourly rate, this Court should not limit its consideration to awards in other IDEA cases. [Pltfs.' Objections at 2 (citing

---

[4] Mendez was overruled on other grounds by Arizona v. ASARCO LLC, 773 F.3d 1050 (9th Cir. 2014).

Prison Legal News v. Schwarzenegger, 608 F.3d 446, 455 (9th Cir. 2010)).]

In Prison Legal News, a 42 U.S.C. § 1983 action challenging California penal institutions' refusal to deliver the plaintiff's magazine to certain prisoners, the Ninth Circuit rejected the defendants' argument that, in reviewing whether the hourly rates charged by the plaintiff's counsel were reasonable, the rates should be compared only to rates found reasonable in other prison litigation cases. 608 F.3d at 455. The Ninth Circuit stated, "the proper scope of comparison is not so limited, but rather extends to all attorneys in the relevant community engaged in 'equally complex Federal litigation,' no matter the subject matter." Id. (quoting Blum v. Stenson, 465 U.S. 886, 893, 104 S. Ct. 1541 (1984)). While this Court must consider awards in other types of cases involving equally complex litigation, awards in equally complex IDEA cases are still among the evidence of the prevailing rates in the community for similar services by attorneys with skills, experience, and reputation that are comparable to Mr. Dellera's. Moreover, prior attorney's fee awards addressing Mr. Dellera's reasonable hourly rate for the same type of work performed in the instant case are particularly relevant.

In A.D. ex rel. L.D. v. Department of Education, Hawai`i, the district court rejected the plaintiff's argument

7

that $400 was a reasonable hourly rate for Mr. Dellera and found that $300 was a reasonable rate. Civil No. 12-307 JMS-KSC, 2014 WL 692910, at *5 (D. Hawai`i Feb. 20, 2014). Further, in I.T. ex rel. Renee T. v. Department of Education, Hawai`i, the district court also rejected the plaintiffs' request for a $400 hourly rate for Mr. Dellera and adopted the magistrate judge's finding that $300 was a reasonable hourly rate. 18 F. Supp. 3d 1047, 1053 (D. Hawai`i 2014), *aff'd sub nom.* I.T. ex rel. Renee & Floyd T. v. Dep't of Educ., Hawai`i, 700 F. App'x 596 (9th Cir.), *cert. denied sub nom.* I.T. ex rel. Renee T. v. Hawai`i Dep't of Educ., 138 S. Ct. 517 (2017). The district court in I.T. expressly considered the plaintiffs' Prison Legal News argument and noted that, in finding $300 a reasonable hourly rate for Mr. Dellera, the magistrate judge considered fee awards in cases other than IDEA cases. I.T., 18 F. Supp. 3d at 1053. Plaintiffs argue this Court should not consider these decisions because they were based on "insufficient evidence." [Pltfs.' Response at 4.] However, those rulings were not appealed, and this Court finds the analysis in each of those cases sound. Thus, this Court finds that $300 was a reasonable hourly rate for Mr. Dellera in 2014.

The only other case, besides the instant case, that Mr. Dellera has litigated in this district court since A.D. and I.T. is R.P.-K., et al. v. Department of Education, Hawai`i,

CV 10-00436 SOM-KSC.[5]  To the extent R.P.-K. involved an award of attorney's fees for Mr. Dellera's services, this Court declines to consider that case because it was a class action where the award of attorney's fees was made pursuant to a settlement, rather than an award determined by the district court.  See R.P.-K., Order Approving Settlement for Class Members, filed 12/8/17 (dkt. no. 482).  For those reasons, R.P.-K. does not represent "equally complex Federal litigation" to the instant case, see Prison Legal News, 608 F.3d at 455, and is not indicative of Mr. Dellera's reasonable hourly rate in the instant case.  Similarly, whether the case involved the IDEA or another area of law, class actions and cases involving agreed upon attorney's fees in settlements are not persuasive as to Mr. Dellera's reasonable hourly rate here.

That being said, an upward adjustment of Mr. Dellera's reasonable hourly rate from 2014 is warranted.  Cf. Barranco v. 3D Sys. Corp., CIVIL NO. 13-00412 LEK-RLP, 2018 WL 3957046, at *3 (D. Hawai`i Aug. 16, 2018) ("Prevailing rates in the Honolulu legal market have increased over the years."); Pelayo v. Platinum Limousine Servs., Inc., CIVIL NO. 15-00023 DKW-KJM, 2016 WL 5402185, at *5 (D. Hawai`i Sept. 27, 2016) (noting that "a modest upward adjustment" in the attorney's reasonable hourly rate was

---

[5] Plaintiffs refer to R.P.-K. as E.R.K. v. Hawaii Department of Education.  See, e.g., Mem. in Supp. of Fee Motion at 10.

9

necessary, in part "to avoid stagnation of rates over time"). However, in determining the amount of the adjustment, this Court must consider the fact that a substantial amount of the work reflected in the Fee Motion was performed from 2012 to 2014. See Fee Motion, Decl. of John P. Dellera ("Dellera Decl."), Exh. B (Mr. Dellera's timesheet for the remand proceedings before the hearings officer), Exh. C (timesheet for litigation in this district court that culminated in the 3/24/14 Order), Exh. D (timesheet for Ninth Circuit appeal, reflecting that work began in 2014). This Court turns to the evidence in the record and the analysis in other orders of this district court to determine the extent to which Mr. Dellera's hourly rate of $300 in 2014 should be increased for work that began in 2012 and culminated in 2018.

The magistrate judge noted: "Mr. Dellera has been practicing law for 48 years worked as a Deputy Attorney General for the State of Hawaii for 13 years, began representing clients with disabilities in 2009, and has been a solo practitioner representing students with disabilities since 2011." [F&R at 4-5 (citing Dellera Decl. at ¶ 2).] While Mr. Dellera's forty eight years of legal experience is significant and warrants a higher hourly rate than that awarded to many attorneys practicing in this district, the number of years in practice alone is not determinative of the attorney's reasonable hourly rate. This Court notes Mr. Dellera has litigated a limited number of cases

before this district court since 2014.  Further, prior to Mr. Dellera's current practice and his work with the Hawai`i Disability Rights Center from April 1, 2009 to August 4, 2011, only a limited portion of Mr. Dellera's experience was in the area of law addressed in the instant case.  See Dellera Decl. at ¶ 2 (listing Mr. Dellera's work experience).

Further, even putting aside the fact that this case involves work spanning from 2012 to 2018, an increase of $100 in Mr. Dellera's hourly rate from 2014 to 2018 would be excessive.  In Pelayo, the magistrate judge recommended a reasonable hourly rate of $200 for Richard Holcomb, Esq., an attorney with eleven years of experience.  2016 WL 5402185, at *2, *5.  The plaintiffs objected, arguing, *inter alia*, that this was the same rate that had been found in another case four years earlier, and an increase was warranted.  Id. at *3.  The district judge agreed and ultimately found that Mr. Holcomb's reasonable hourly rate was $225, *i.e.* an increase of $25 over the four year period.  Id. at *5.  In McElroy v. Mcbarnet, this Court, citing Pelayo, found that Jade Lynne Ching, Esq.'s – an attorney with twenty five years of experience – requested hourly rate $300 was reasonable, nothing that her reasonable hourly rate was found to be $275 six years earlier.  CIVIL 17-00009 LEK-RLP, 2018 WL 1662101, at *4 (D. Hawai`i Apr. 5, 2018) (citing Pelayo, 2016 WL 5402185, at *5 & n.5; Pascual v. Aurora Loan Services, LLC, Civil No. 10-00759

11

JMS-KSC, 2012 WL 5881972, at *11 (D. Hawai`i Oct. 31, 2012), *report and recommendation adopted*, 2012 WL 5881858, at *1 (D. Hawai`i Nov. 21, 2012)).

Finally, Plaintiffs compare Mr. Dellera to Paul Alston, Esq., and argue Mr. Dellera's reasonable hourly rate should be comparable to Mr. Alston's. First, Mr. Alston's reasonable hourly rates have varied. For example, in Young Men's Christian Ass'n of Honolulu v. Aloha Kai Development, LLC, the petitioner requested a $395 hourly rate for Mr. Alston, and the district court ultimately adopted the magistrate judge's finding that the rate was reasonable. Civ. No. 18-00086 ACK-RLP, 2018 WL 4492473, at *2-3, *5 (D. Hawai`i Sept. 19, 2018). In contrast, in Booth v. Wong, Mr. Alston's reasonable hourly rate was found to be $500. Civil No. 10-00680 DKW-RLP, 2015 WL 4663994, at *3 (D. Hawai`i July 17, 2015), *report and recommendation adopted*, 2015 WL 4676343 (Aug. 5, 2015). Second, this Court has previously noted that Mr. Alston is "one of the most prominent and experienced civil litigators in this district, [who] has been awarded among, if not the highest, hourly rates in this district." I.T., 18 F. Supp. 3d at 1060. This Court also found that "there is no legitimate basis to draw comparisons between the two, other than the fact that both have practiced for approximately the same number of years." Id. Plaintiffs have

not presented evidence that warrants a finding that Mr. Dellera and Mr. Alston should now have comparable hourly rates.

In light of all of the foregoing factors, this Court finds that the $400 hourly rate recommended in the F&R is excessive. However, this Court also rejects the DOE's position that Mr. Dellera's reasonable hourly rate is $300. The DOE Objections are therefore granted in part and denied in part, insofar as this Court finds that $350 is a reasonable hourly rate for Mr. Dellera.

## II. <u>Reduction for Limited Success</u>

In light of Plaintiffs' objection to the magistrate judge's reduction based on Plaintiffs' limited success, this Court reviews the issue de novo. The F&R accurately sets forth the legal principles involved in the determination of whether a plaintiff's limited success affects the number of hours reasonably expended on the case, [F&R at 6,] and this Court hereby adopts that discussion.

In their appeal of the hearings officer's September 12, 2011 decision, Plaintiffs sought reimbursement of $293,300.28, representing: $244,549.86 under 20 U.S.C. § 1412(a)(10)(C)(ii) for Loveland tuition incurred during the period from November 10, 2010 to July 31, 2012; and $48,750.42 under 20 U.S.C. § 1415(i)(2)(C)(iii) for the cost of Loveland's assessment and preparation of his education plan incurred during the period from

13

July 6, 2010 to November 10, 2010. 5/31/18 Order, 2018 WL 2449190, at *2. Although this Court concluded that Loveland was a proper placement for Student and that a reimbursement award was warranted under both § 1412(a)(10)(C)(ii) and § 1415(i)(2)(C)(iii), based on equitable factors, this Court ultimately awarded only twenty five percent of the requested amount. Id. at *13. The equitable factors supporting the limited reimbursement were significant: failure to cooperate with DOE assessments; the overly expansive nature of some of the services Student received at Loveland; the fact that, at one point, Student was not placed in the appropriate grade level at Loveland; and Student's lack of progress at Loveland. Id. at *7-*13. In light of these factors, the magistrate judge did not err in concluding that Plaintiffs' success in this case was limited. Further, the magistrate judge's recommended adjustment of twenty percent of the hours expended fairly reflects that, because of the DOE's denial of FAPE and Student's appropriate placement at Loveland, the DOE should be held responsible for the majority of Plaintiffs' attorney's fees incurred in this case.

Plaintiffs' Objections are therefore denied, and this Court adopts the magistrate judge's analysis of the limited success issue.

**III. Summary**

This Court has granted the DOE Objections in part and denied them in part, and has denied Plaintiffs' Objections. In light of those rulings, the F&R is adopted, subject to the modifications that: this Court finds that Mr. Dellera's reasonable hourly rate to be $350; and this Court concludes that Plaintiffs are entitled the following award of attorney's fees:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| John Dellera | $350 | 389.7 | $136,395.00 |
| | 20% limited success reduction | | - 27,279.00 |
| | | Subtotal | $109,116.00 |
| | 4.712% State Excise Tax | | $ 5,141.55 |
| | | **Grand Total** | **$114,257.55** |

**CONCLUSION**

On the basis of the foregoing, the DOE's August 13, 2018 objections to the magistrate judge's July 30, 2018 Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Second Motion for Attorney's Fees and Related Nontaxable Expenses are HEREBY GRANTED IN PART AND DENIED IN PART, and Plaintiffs' August 17, 2018 cross-objections to the F&R, are HEREBY DENIED. The magistrate judge's F&R is HEREBY ADOPTED AS MODIFIED by the instant Order.

Plaintiffs' Second Motion for Attorney's Fees and Related Nontaxable Expenses, filed June 13, 2018, is therefore GRANTED IN PART AND DENIED IN PART. The Fee Motion is GRANTED insofar as this Court AWARDS Plaintiffs $114,257.55 in attorney's fees. The Fee Motion is DENIED in all other respects. This

Court ORDERS the DOE to pay the award to Plaintiffs by remitting payment to Plaintiffs' counsel by no later than **February 18, 2019.**

　　IT IS SO ORDERED.

　　DATED AT HONOLULU, HAWAII, January 18, 2019.



　　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge

**J.T., BY AND THROUGH HIS PARENTS RENEE AND FLOYD T. VS. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL 11-00612 LEK-RLP; ORDER: GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION; DENYING PLAINTIFFS' OBJECTIONS; AND ADOPTING THE FINDINGS AND RECOMMENDATION, AS MODIFIED**